Arthur **JOHNSON**, Appellant,

v.

**Brigido SEPULVEDA; Maria Sepulveda; Lynn Henderson; City of Houston Fire Chief Chris Connealy, In his Individual and Official Capacities; City of Houston Mayor Lee Brown, In his Individual and Official Capacities; and Henry Daniels, et al., Appellees.**

No. 14–04–00098–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 28, 2005.

Rehearing Overruled Oct. 6, 2005.

Arthur Johnson, Houston, pro se.

Panel consists of Justices YATES, ANDERSON, and HUDSON.

## OPINION

JOHN S. ANDERSON, Justice.

Appellant, Arthur Johnson, filed suit against appellees in February of 2003. The trial court dismissed appellant's suit for want of prosecution on October 8, 2003. In this pro se appeal, appellant contends: (1) the trial court abused its discretion in not complying with his motion for recusal; and (2) the trial court erred in not setting and holding a hearing on his motion to reinstate. We affirm.

### Motion for Recusal

Appellant argues in his first and fourth points of error that the trial court abused its discretion in "not complying" with his motion for recusal.

To recuse a judge, a party must follow the procedure prescribed by Texas Rule of Civil Procedure 18a. TEX.R. CIV. P. 18a. According to Rule 18a, on the day a motion for recusal is filed, copies must be served on all other parties or their counsel of record, together with a notice that the movant expects the motion to be presented to the judge three days after the filing of such motion unless otherwise ordered by the judge. TEX.R. CIV. P. 18a(b). Additionally under Rule 18a, the motion to recuse must be verified and state with particularity the grounds why the judge before whom the case is pending should not sit. TEX.R. CIV. P. 18a(a). The motion must be made on personal knowledge and set forth such facts as would be admissible in evidence, provided that facts may be stated upon information and belief if the grounds of such belief are specifically stated. *Id.* If a party fails to follow the mandatory requirements of Rule 18a, he waives the right to complain of a judge's failure to recuse himself. *Carson v. Serrano,* 96 S.W.3d 697, 698 (Tex.App.-Texar-

kana 2003, pet. denied); *Gill v. Texas Dept. of Criminal Justice, Institutional Div.*, 3 S.W.3d 576, 579 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

■ Here, appellant filed a general motion for recusal. There is no evidence he gave notice of expectancy of presentment to the judge three days after filing, and there is no evidence the judge was presented with the motion three days after filing. *See* TEX.R. CIV. P. 18a(b). Additionally, appellant's motion to recuse is not properly verified because the affidavit attached to the motion addresses only appellant's indigence. *See* TEX.R. CIV. P. 18a(a). Furthermore, appellant's motion to recuse does not state with particularity the grounds why the trial judge should not sit and is not made on personal knowledge or information and belief. *Id.* Because appellant did not comply with the mandatory procedures prescribed by Rule 18a, appellant waived his right to complain on appeal about the trial judge's failure to take any action in response to the motion. *See Barron v. State Atty. Gen.*, 108 S.W.3d 379, 382 (Tex.App.-Tyler 2003, no pet.) (stating the procedural requisites for recusal are mandatory and party failing to conform waives right to complain of judges failure to recuse himself). Thus, the provisions of the rule obligating the trial judge either to recuse herself or refer the motion to the presiding judge of the administrative judicial district were never triggered. *Id.* at 383.

Accordingly, we overrule points of error one and four.

### Failure to Hold a Hearing on Motion to Reinstate

■ In points of error two and three, appellant argues the trial court erred in not setting and holding an oral hearing on his motion to reinstate after his suit was dismissed for want of prosecution. Texas Rule of Civil Procedure 165a(3) requires a trial court to set an oral hearing on any timely filed and properly verified motion to reinstate after dismissal of a suit for want of prosecution. *See* TEX.R. CIV. P. 165 a(3); *Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex.1991).

■ Here, appellant's affidavit accompanying his motion to reinstate is not properly verified as required by Rule 165a(3). Specifically, the affidavit attached to the motion to reinstate addresses only appellant's indigence and does not reference the attached motion to reinstate. *See Guest v. Dixon*, 153 S.W.3d 466, 468 (Tex.App.-Amarillo 2004, pet. filed) (holding motion to reinstate was not properly verified because affiant was former attorney of party and because alleged verification was incomplete). Indeed, the affidavit attached to the motion to reinstate is virtually identical to the one attached to the recusal motion. Appellant's improper affidavits vitiate his motions. Additionally, there is no showing in the record appellant requested a hearing on his motion in the trial court. "Clearly before trial court error can be found in the failure to set a hearing on a motion to reinstate the movant must request a hearing." *Cabrera v. Cedarapids Inc.*, 834 S.W.2d 615, 618–19 (Tex.App.-Houston [14th Dist.] 1992, writ denied) (stating that a party may not lead a trial court into error and then complain about it on appeal); *see Rainbow Home Health, Inc. v. Schmidt*, 76 S.W.3d 53, 57 (Tex. App.-San Antonio 2002, pet. denied) (holding trial court did not err in failing to conduct a hearing on motion for reinstatement when appellants failed to call to the trial court's attention the need for a hearing); *see also Smith v. McKee*, 145 S.W.3d 299, 305–06 (Tex.App.-Fort Worth 2004, no pet.) (reversing trial court for failure to hold a hearing on motion to reinstate, but noting the motion to reinstate requested a hearing).

Because appellant's motion to reinstate is unverified and no request was made for a hearing on the motion, we overrule points of error two and three.

### *Vexatious Litigant*

Arthur Johnson has been declared to be a vexatious litigant pursuant to Chapter 11, Civil Practice and Remedies Code. *See Johnson v. Johnson,* No. 01–03–00209–CV, 2004 WL 219795, at *1 (Tex.App.-Houston [1st Dist.] Jan. 30, 2004, no pet.)(mem op.); *In re Johnson,* No. 01–03–01229–CV, 2004 WL 36248, at *1 (Tex.App.-Houston [1st Dist.] Jan. 7, 2004, orig.proceeding)(mem op.); *see also* http://www.courts.state.tx.us/oca/vexatious—litigants.pdf (June 8, 2005) (listing Arthur Johnson as a vexatious litigant).

Under section 11.101 of the Texas Civil Practice and Remedies Code:

> (a) A court may, on its own motion or the motion of any party, enter an order prohibiting a person from filing, in propria persona,[1] a new litigation in a court in this state if the court finds, after notice and hearing as provided by Subchapter B, that:
>
> > (1) the person is a vexatious litigant; and
> >
> > (2) the local administrative judge of the court in which the person intends to file the litigation has not granted permission to the person under Section 11.102 to file the litigation.
>
> (b) A person who disobeys an order under Subsection (a) is subject to contempt of court.

Tex. Civ. Prac. & Rem.Code Ann. § 11.101 (Vernon 2002) (footnote omitted). Because Arthur Johnson is a vexatious litigant, he is subject to the forgoing rules.

Chapter 11 of the Texas Civil Practice and Remedies Code is entitled "Vexatious Litigants." This law originated in House Bill 3087 authored by Representative Will Hartnett. The bill analysis from the Civil Practices Report provides as follows under a section entitled "Background:"

> Some litigants abuse the Texas court system by systematically filing lawsuits with little or no merit. This practice clogs the courts with repetitious or groundless cases, delays the hearing of legitimate disputes, wastes taxpayer dollars, and requires defendants to spend money on legal fees to defend against groundless lawsuits.

House Comm. On State Practices, Bill Analysis, Tex. H.B. 3087, 75th Leg., R.S. (1997).

Similarly, the bill analysis contains a "purpose" section, as follows: "H.B. 3087 will curb vexatious litigation by requiring plaintiffs found by a court to be 'vexatious' to post security for costs before proceeding with a lawsuit." *Id.*

Consistent with the principles and purposes of Chapter 11, judicious application by trial courts of the provisions of Chapter 11 to those persons declared vexatious litigants will benefit the judicial branch of Texas' government by deterring abuses of our judicial system and protecting scarce judicial resources.

### CONCLUSION

Because we have overruled all of appellant's points of error, we affirm the judgment of the trial court.

YATES, J., concurs in result only.

---

**1.** *In propria persona* is synonymous with *pro se;* it refers to a situation in which a litigant represents himself or herself without the ben-

efit of a lawyer. *Spiller v. Spiller,* 21 S.W.3d 451, 454 (Tex.App.-San Antonio 2000, no pet.).