Affirmed and Memorandum Opinion filed June 19, 2007








Affirmed and Memorandum Opinion filed June 19, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00476-CR

_______________

 

MIKE JAMES SHELHAMMER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the County Court

 Chambers County, Texas

Trial Court Cause No. 23929-05

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Mike James Shelhammer appeals a
conviction for possession of marijuana[1] on the
grounds that the trial court erred by denying his: (1) motion to suppress; (2)
requests for jury charge instructions on the law of Afollowing too close@ and on whether evidence was
illegally obtained; and (4) motion to appoint a judge who is a licensed attorney
to preside over the trial.   We affirm.

 








Motion to Suppress

Appellant=s first issue contends that the trial
court erred by denying his motion to suppress evidence obtained as a result of
an illegal search and seizure because the traffic stop was unreasonable in time
and scope.

We review a trial court's ruling on a
motion to suppress for abuse of discretion by: (1) viewing the record in the
light most favorable to the ruling; (2) affording almost total deference to the
trial court's express or implied determination of historical facts and its
application of law‑to‑fact decisions that are supported by the
record and turn on an evaluation of credibility and demeanor; and (3) reviewing
de novo the application of law‑to‑fact decisions that do not
turn on evaluation of credibility and demeanor.  See Wiede v. State, 214
S.W.3d 17, 24 (Tex. Crim. App. 2007); State v. Dixon, 206 S.W.3d 587,
590 (Tex. Crim. App. 2006).  A trial court's ruling on a motion to suppress
will be sustained if it is reasonably supported by the record and is correct on
any theory of law applicable to the case.  Dixon, 206 S.W.3d at 590. 

A law enforcement officer may
lawfully stop a motorist who commits a traffic violation in the officer=s presence.  See Garcia v. State,
827 S.W.2d 937, 944 (Tex. Crim. App. 1992); Armitage v. State, 637
S.W.2d 936, 939 (Tex. Crim. App. 1982).  The decision to stop an automobile is
reasonable when an officer has probable cause to believe that a traffic
violation has occurred.  Walter v. State, 28 S.W.3d 538, 542 (Tex. Crim.
App. 2000). 








A traffic stop is a temporary detention
and must be reasonable.  See Berkemer v. McCarty, 468 U.S. 420, 439-40
(1984); Davis v. State, 947 S.W.2d 240, 245 (Tex. Crim. App. 1997).  To
be reasonable, a traffic stop must last no longer than is necessary to
effectuate the purpose of the stop and employ the least intrusive investigative
methods reasonably available to verify or dispel the officer=s suspicion in a short period of
time.  See Florida v. Royer, 460 U.S. 491, 500 (1983); Davis, 947
S.W.2d at 243, 245.  During a traffic stop, police officers may request
information from a driver, such as a driver's license and car registration, and
may conduct a computer check for that information as well as a check for
warrants.  Kothe v. State, 152 S.W.3d 54, 63B64 (Tex. Crim. App. 2004); Davis,
947 S.W.2d at 245 n.6.  Generally, a traffic stop is not fully resolved until
after the computer check of the driver=s information is complete.  Kothe,
152 S.W.3d at 63B64.  However, an officer=s actions can become unreasonable if
a license check unduly prolongs the detention.  Id. at 65.  A driver=s consent to search the vehicle, if
otherwise voluntary, is effective to legalize the search if it is given within
the scope of a reasonable traffic stop.  See Royer, 460 U.S. at 501.  If
such a search reveals drugs in the vehicle, the officers may arrest the
driver.  See Tex. Code Crim. Pro. Ann. art. 14.01 (Vernon 2005).








In this case, State Trooper James
Thomas pulled appellant over because he was following too close behind another
vehicle.[2]  After
talking with appellant and obtaining his logbook, Thomas ran a check of
appellant=s driver=s license to make sure it was valid and allowed appellant to operate the
tractor-trailer truck.  While waiting for the license return,[3]
Thomas, because of appellant=s unusual conduct during the stop,[4]
asked appellant if he could search his truck, to which appellant replied Ago right ahead.@[5]  Thomas then called for back-up to
assist in the search of appellant=s vehicle.  When the back-up officer
arrived, Thomas searched the truck and found marijuana in several places inside
the truck.  Soon after Thomas placed appellant under arrest, appellant admitted
to smoking the marijuana.

Although appellant contends that the
detention took thirty-five minutes, his brief does not indicate whether that
period includes the time spent searching the truck or, more importantly, at
what point during that period Thomas asked to search the vehicle.  Because
appellant=s first issue thus fails to demonstrate that the consent to search was
made after a time, if any, at which the detention had become unreasonable in
length or scope, it affords no basis for relief and is overruled.

                                                                   Jury
Charge

Following Too Close

Appellant=s second issue asserts that the trial
court erred by refusing to include in the jury charge his requested charge
outlining the elements of the offense of following too close.  However,
appellant=s brief fails to cite any authority or rationale to support this
contention.  Because the offense of following too close was not the offense for
which appellant was tried in this case, or a defense to the charged offense, it
is not apparent how such a charge would have been applicable to the case. 
Therefore, appellant=s second issue affords no basis for relief and is overruled.

                                                      Illegally
Obtained Evidence








Appellant=s third issue asserts that the trial
court erred by denying his request for a jury instruction on whether the
evidence was legally obtained because a fact issue existed as to whether the
traffic stop was valid.  In any case where the evidence raises a fact issue
whether evidence was illegally obtained, Athe jury shall be instructed that if
it believes, or has a reasonable doubt, that the evidence was [illegally]
obtained . . . , then . . . the jury shall disregard any such evidence so
obtained."  Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005).  However,
such an instruction is required only where conflicting evidence raises a fact
issue about how the evidence was obtained.  Renteria v. State, 206
S.W.3d 689, 704 (Tex. Crim. App. 2006); Garza v. State, 126 S.W.3d 79,
85 (Tex. Crim. App. 2004).

Apart from asserting the conclusion
that a fact issue was raised as to the validity of the stop, appellant=s brief provides no elaboration on
either what fact issue was raised or what evidence raised it.  Accordingly,
appellant=s third issue presents nothing for our review and is overruled.

Motion to Recuse and Appoint Licensed
Attorney








Appellant=s fourth issue contends that the
trial court erred by denying his motion to recuse and to appoint a licensed
attorney to preside as the judge[6] over his
trial because Aappellant believes@ that the denial of a licensed attorney to preside over this
case violates his right to a fair trial under section 9 of the Texas
Constitution.[7]  Although his
brief  concedes that he was unable to locate any cases directly on point, he
contends that A[i]t is inconceivable that a defendant would not be entitled to a
licensed attorney Judge to preside over his trial where legal decisions are
made concerning Motions to Suppress and whether or not certain a [sic] jury
instruction should be given.@[8]  Because appellant=s fourth issue is unsupported by
legal authority, it is overruled, and the judgment of the trial court is
affirmed.

 

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed June 19, 2007.

Panel consists of Justices Yates,
Edelman, and Seymore.

Do Not Publish C TEX.
R. APP. P. 47.2(b).









[1]           A jury found appellant guilty, and the
trial court assessed punishment at ninety days confinement.





[2]           Failure to follow at an assured clear
distance behind another vehicle is a traffic violation.  See Tex.
Transp. Code Ann. ' 545.062 (Vernon 1999).  Although appellant does not
appear to dispute that the initial traffic stop was permissible, he does cite Ford
v. State, 158 S.W.3d 488 (Tex. Crim. App. 2005) for the propositions
that the trial court, like in Ford, relied on Thomas=s conclusions and had no Aspecific and articulable facts in which to base its
denial of the Motion to Suppress.@ 
However, unlike in Ford, where the officer gave one conclusory
statement, Thomas testified that: (1) he was sitting stationary on the side of
the interstate and as appellant approached his location, he observed that he
was riding close to the bumper of a white pickup truck; (2) as appellant went
by, driving a truck‑trailer combination, he was in fact following too
close behind the white pickup truck; and (3) appellant was following too close
because he was less than two seconds behind the vehicle he was following.





[3]           Thomas admits that on certain days, it
takes longer to get a driver=s license
return back.  In this case, because it was taking a while to get the return
back, Thomas attempted to contact a different dispatcher, but was unsuccessful
because of radio problems.





[4]           Thomas testified that he found appellant=s conduct suspicious and unusual because: (1) it took
him longer than normal to pull his truck over; (2) it took him longer than
normal to get out of his truck after stopping; (3) appellant appeared very
nervous and did not seem to be paying attention to what Thomas was asking him
to do; and (4) he continued to move around a lot after Thomas had told him to
stand in one spot.





[5]           Appellant does not contest the
voluntariness of his consent to the search of his vehicle.





[6]           A county court judge is not required to be
a licensed attorney.  See Tex. Const. art. V, ' 15 (A[t]here shall
be established in each county in this State a County Court, which shall be a
court of record; and there shall be elected in each county, by the qualified
voters, a County Judge, who shall be well informed in the law of the State .
. .@ (emphasis added)).





[7]           The procedures for recusal set forth in
Texas Rule of Civil Procedure 18a also apply in criminal cases.  De Leon v.
Aguilar, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004); see Tex. R. Civ. P. 18a.  When a timely filed recusal
motion is filed, a trial court judge has no discretion to take any action other
than to either recuse himself or refer the motion for another judge to decide. 
De Leon, 127 S.W.3d at 5.  However, where a motion to recuse fails to comply
with the mandatory requirements of rule 18a, such as that the motion be
verified, no complaint is preserved on the judge=s failure to either recuse or refer the motion.  See, e.g., Johnson
v. Sepulveda, 178 S.W.3d 117, 118S19
(Tex. App.CHouston [14th Dist.] 2005, no pet.); Bruno
v. State, 916 S.W.2d 4, 7S8 (Tex. App.CHouston [1st Dist.] 1995, pet. ref=d).  In this case, although appellant=s motion used the word, Arecuse,@ it did not use that term in any true sense or purport
to present grounds for an actual recusal.  In any event, the motion was
unverified, and appellant does not assign error to any failure by the trial
court to recuse or refer the motion for another judge to decide. 
Therefore, that issue is not before us.





[8]           Appellant also contends that the trial
court violated article 4.17 of the Code of Criminal Procedure by refusing to
transfer the case to the 344th District Court of Chambers County. 
On a plea of not guilty to a misdemeanor offense punishable by confinement in
jail, entered in a county court of a judge who is not a licensed attorney, on
the motion of the State or the defendant, the judge may transfer the
case to a district court having jurisdiction in the county or to a county court
at law in the county presided over by a judge who is a licensed attorney.  Tex.
Code Crim. Proc. Ann. art. 4.17 (Vernon 2005).  However, appellant=s motion requested only a recusal and appointment of a
licensed attorney to preside over the case.  Appellant has cited, and we have
found, no portion of the record where he requested, or the trial court ruled
upon, a motion to transfer under article 4.17.  Therefore, this issue is not
preserved for our review.  In addition, appellant has cited no authority or
provided any reasoning to indicate how a refusal to transfer would have been an
abuse of the trial court=s discretion.  See Wolff v. Thornton, 670
S.W.2d 764, 766 (Tex. App.CHouston [1st
Dist.]1984, no writ) (stating the legislature's use of the word Amay@ reflects an
intent to leave the question of transfer to the discretion of the county court
judge).