

# NUMBER 13-06-00395-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

WILLIAM LONG, SR.,                                                      Appellant,

v.

THE ESTATE OF LILLIAN SAWYER,
ELIZABETH CARRIE CLARK,
LILLIAN CLARK MAHMOOD,
LILLIAN CLARK, AND LILLIAN ANDERSON,                    Appellees.

## On appeal from the 130th District Court of Matagorda County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Yañez**

In this pro se appeal, appellant, William Long, Sr., challenges the trial court's order

denying his motion for summary judgment.[1]  By three issues, appellant contends (1) the

---

[1] The trial court cause number in the present case is 03-E-0569-C, styled *William Long, Sr. v. the Estate of Lillian Sawyer, Elizabeth Carrie Clark, Lillian Clark Mahmood, Lillian Clark, and Lillian Anderson*, in the 130th District Court of Matagorda County.

doctrine of res judicata is inapplicable because of "after[-]discovered fraud"; (2) the trial court erred in denying his motion for summary judgment; and (3) the trial judge should have recused himself. We affirm.

**Background**

Appellant contends that on April 4, 1995, he obtained an interest in certain property located in Matagorda County by a quitclaim deed signed by G. Edward Leary, Commissioner of the Department of Financial Institutions for the State of Utah, in possession of Sentry Thrift Corporation, a Utah corporation. Eventually, Matagorda County and Van Vleck Independent School District filed suit against appellant and others for delinquent taxes on the properties.[2] The bench trial in T14,490 took place on January 14, 2004. Appellant was not present because he was incarcerated in federal prison.[3] At the trial in T14,490, evidence was presented that: (1) in 1978, Sentry Thrift conveyed title to the disputed property to Lillian Clark; and (2) when appellant obtained the quitclaim deed in April of 1995, he acquired no interest in the property because Sentry Thrift had no interest in the property to convey.[4] Appellant contends that during the trial in T14,490, the court was presented with "fraudulent documents."

On September 15, 2003 (prior to the trial in T14,490), appellant filed the present suit, asserting causes of action for trespass to real property, trespass to try title, and

---

[2] The trial court cause number in the tax suit is T14,490, styled *Matagorda County and Van Vleck Independent School District v. William F. Long, Sr., et al.*, in the 130th District Court of Matagorda County. We refer to the suit by its cause number "T14,490."

[3] The transcript in the tax suit reflects that the trial court noted that appellant failed to file a motion to arrange to be present for the trial. The trial court denied appellant's motion for continuance.

[4] By a "Cross-Plaintiff's Original Petition," filed by John C. Boudreaux, appellant was named as a cross-defendant in T14,490. In the petition, the trial court was asked to quiet title on the property and declare appellant's quitclaim invalid and unenforceable. The trial court quieted title in favor of the heirs of Lillian Sawyer. Boudreaux is an attorney who represented himself and the other claimants to the property.

adverse possession. On May 30, 2006, appellant filed a traditional motion for summary judgment, asserting his entitlement to the property. In support, appellant submitted various documents, including his own affidavit and documents purportedly showing that Sentry Thrift's 1978 transfer of the property was "fraudulent" because it occurred after the thrift was liquidated.

On June 23, 2006, the trial court denied appellant's motion. The order provided, in pertinent part:

> The Court determined at a February 16, 2005 evidentiary hearing on Defendants' Motion for Sanctions in this case that Plaintiff, William Long's pleadings here were "either (a) raised in Cause No. T14,490[5] and decided by that court or (b) were compulsory to claims raised against him in T14,490." The court held that the claims made by Plaintiff here were "groundless . . . brought in bad faith, and brought for the purposes of harassment . . ." and further that the claims were ". . . barred in full under the doctrine of res judicata."

> On that date, the Court granted Defendant's motion for sanctions (titled "Order Granting Defendant's Motion for Sanctions" and hereinafter referred to as the "Sanctions Order") and ordered that Plaintiff ". . . is prohibited from making any claims or defenses in this cause that were previously decided and that have become final in Cause No. T14,490, and further, that those portions of Long's pleadings advancing claims contrary to that final judgment are stricken."

> The Court has reviewed the file and Plaintiff's Summary Judgment Motion and finds that since the Sanctions Order entered, Plaintiff has not filed an amended petition to plead an [sic] new, different or additional cause of action against Defendants, and further, the Court finds that the Summary Judgment Motion seeks judgment on the claims and causes of action stricken by the Court from Plaintiff's pleadings in the Sanctions Order.

> Plaintiff's Summary Judgment Motion violates the Order for Sanctions because the motion makes a claim previously decided by the Court in Cause No. T14,490. Therefore, the Plaintiff's Motion for Final Summary Judgment

---

[5] Cause No. T14,490, *Matagorda County, et al. v. William F. A. Long, Sr., et al.* in the 130th Judicial District Court of Texas. The Court entered final judgment in that cause on January 16, 2004. No party to that judgment appealed from it. [footnote in original].

is DENIED.

We note that the transcript of the hearing on "Defendant's [sic] Motion for Sanctions and Non Jury Trial," dated February 16, 2005, appears in the record.[6] At that hearing, the trial court told appellant, "in overlooking the doctrine of res judicata, all of your claims in this case go away." The trial court also advised appellant that his pleadings in the present case had been struck because all the matters raised had been decided in cause number T14,490, and consequently, appellant "ha[d] no pleadings left to go on today."[7]

**Standard of Review and Applicable Law**

We review the trial court's granting or denying of a traditional motion for summary judgment de novo.[8] An appellate court should reverse an order denying a traditional motion for summary judgment under rule 166a(c) and render judgment in the movant's favor only if the summary judgment evidence establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law on a ground set forth in the motion.[9] Furthermore, in reviewing a traditional summary judgment, "all evidence is to be construed in favor of the non-movant, to whom every reasonable inference is

---

[6] The transcript of the February 16, 2005 hearing was submitted by appellant as an exhibit in his summary judgment evidence.

[7] We note that the order denying appellant's motion for summary judgment is not entitled "Final Judgment," and does not state that it is a final judgment. However, "[a] judgment that actually disposes of all parties and all claims is final, regardless of its language." *Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 617 (Tex. 2007) (quoting *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005)). Here, the judgment recites that appellant's pleadings have been struck, and no amended pleadings have been filed. At the February 16, 2005 hearing, the trial court stated he was "grant[ing] judgment on behalf of the defendants." We conclude that because the June 23, 2006 order disposed of all parties and claims, it is a final judgment. *See id.*

[8] *Entravision Commc'ns. Corp. v. Belalcazar*, 99 S.W.3d 393, 397 (Tex. App.–Corpus Christi 2003, pet. denied).

[9] *Id.*

4

allowed and on whose behalf all doubts are resolved."[10]  In ruling on a motion for summary judgment, it is clear from the express provisions of rule 166a(c) that the court is to consider the pleadings that are on file at the time of the hearing.[11]

The doctrine of res judicata, or claim preclusion, bars a second action by parties and their privies on matters actually litigated in a previous suit, as well as claims "'which, through the exercise of diligence, could have been litigated in a prior suit.'"[12]  For res judicata to apply, there must be:  (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action.[13]  The doctrine seeks to bring an end to litigation, prevent vexatious litigation,[14] maintain stability of court decisions, promote judicial economy, and prevent double recovery.[15]

"A pro se litigant is held to the same standards as licensed attorneys and must

---

[10] *Id.* (quoting *Alvarez v. Anesthesiology Assocs.*, 967 S.W.2d 871, 874 (Tex. App.–Corpus Christi 1998, no pet.)).

[11] Ex. R. Civ. P. 166a(c).

[12] *Hallco Tex., Inc. v. McMullen Cty.*, 221 S.W.3d 50, 58 (Tex. 2007) (citing *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 799 (Tex. 1992) (quoting *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631 (Tex. 1992)).

[13] *Citizens Ins. Co. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007).

[14] Although we recognize it is not part of the record, we note that appellant has included in the appendix to his brief the transcript of a "Hearing to Declare Plaintiffs Vexatious Litigants" in yet another case, trial court cause number 05-E-617-C, in the 130th District Court of Matagorda County, styled *William Long and Geraldine Long v. John Carroll Boudreaux, et al.*  At the hearing, dated July 31, 2006, the trial court discussed the numerous suits filed by appellant, including the present case, and found appellant and his wife to be vexatious litigants.

[15] *Id.*

comply with applicable laws and rules of procedure."[16]

**Discussion**

At the February 16, 2005 sanctions hearing, the trial judge questioned appellant about his allegations of "fraud" and his claims in this case. After establishing that appellant's claims in the present case were disposed of in T14,490, the trial court advised appellant:

> [the Court]: And you had notice enough to file an appeal in Corpus Christi if you wanted to. This judgment is final until some other court says different. This judgment is final. 14,490 is the final judgment. So, it's the law as far as this case is concerned until someone says different; and that is the law. Res judicata is the law. Once a matter is decided, you don't get to retry it. You get to appeal it.
>
> . . . .
>
> The property to the title—the title to the property has been determined by a final judgment that was not appealed. Nobody who had notice and who participated in the judgment has come forward to indicate that the judgment is not correct or does not dispose of all interests that were alleged in the property.
>
> And I think that's a correct statement of law regarding the effect of the judgment of January 16th, 2004. Nothing that you want to present regarding the ownership of the property can be presented in this case.
>
> [Appellant]: Pardon me?
>
> [the Court]: That is the sanction, which is, really, just a statement of the law.
>
> [Appellant]: I didn't hear you.
>
> [the Court]: The sanction is that all of your pleadings seeking relief regarding the ownership of the property or issues related to the ownership of the property were decided in the judgment in 14,490, and those pleadings are stricken.
>
> Now, I don't believe you have any pleadings left in this case right now.

---

[16] *Green v. Kaposta*, 152 S.W.3d 839, 841 (Tex. App.–Dallas 2005, no pet.).

6

Now, that's not an opinion about whether or not you have been wronged or whether or not you do have a cause of action against someone or something. Now, you need to understand that distinction.

. . . .

I believe that having stricken your pleadings on the basis—as a sanction, because the matters that you pled were decided in 14,490, that you have no pleadings left to go on today. So, I'm going to grant judgment on behalf of the defendants.

. . . .

There's no pleadings left, and judgment is for the defendants.

We conclude that the record establishes that appellant's pleadings were struck by the trial court on February 16, 2005. As the trial court noted, no further pleadings appear in the record. Accordingly, we conclude the trial court did not err in denying appellant's motion for summary judgment which was based on pleadings and claims that had been struck.[17]

Moreover, out of an abundance of caution, we have reviewed all of appellant's summary judgment evidence, and conclude that it does not establish appellant's entitlement to judgment as a matter of law.[18] Appellant's allegations of "fraud" center on his claim that the 1978 conveyance of title to Lillian Clark was fraudulent because it was conveyed at an "illegal and unlawful meeting of the liquidated corporation of Sentry Thrift Corporation." We conclude that at best, appellant's evidence establishes only that there is a dispute over the significance and consequences of certain documents and events; it does not establish "fraud."

---

[17] *See* TEX. R. CIV. P. 166a(c).

[18] *See Entravision*, 99 S.W.3d at 397.

As to appellant's third issue, regarding whether the trial judge should have recused himself, we find no motion for recusal in the record and no discussion of the issue. In order for an issue to be preserved on appeal, there must have been a timely and specific objection raised at trial.[19] If a party fails to follow the requirements of Texas Rule of Civil Procedure 18a, he waives the right to complain of a judge's failure to recuse himself.[20]

We overrule appellant's three issues and affirm the trial court's judgment.

_____
LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and
filed this the 24th day of September, 2009.

---

[19] *See* TEX. R. APP. P. 33.1.

[20] TEX. R. CIV. P. 18a; *Johnson v. Sepulveda*, 178 S.W.3d 117, 118 (Tex. App.–Houston [14th Dist.] 2005, no pet.).