**Affirmed and Memorandum Opinion filed October 11, 2011.**



In The

# Fourteenth Court of Appeals

_____

### NO. 14-09-01021-CR
_____

**MICHAEL RAY LEWIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1153972**

---

## MEMORANDUM OPINION

Appellant challenges the trial court's adjudication of guilt and sentence of fifteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice for aggravated robbery. In his sole issue, appellant argues that the trial court "abused its discretion" in adjudicating his guilt after the court showed a "manifest bias"

towards him. Because all dispositive issues are settled in law, we issue this memorandum opinion and affirm. *See* Tex. R. Civ. P. 47.4

## BACKGROUND

Appellant, Michael Ray Lewis, pled guilty to aggravated robbery of a GameStop in Harris County, Texas. In the course of the robbery, appellant brandished a firearm and demanded a video game console. At the punishment hearing conducted on August 15, 2008, appellant testified that during the commission of the robbery he "did not point that gun at nobody." Despite the State's recommendation that appellant serve twenty years' confinement, the trial court deferred adjudication of guilt and placed appellant on community supervision for a term of five years.

On January 30, 2009 the State filed a motion to adjudicate guilt based on appellant's multiple violations of the terms of his community supervision, including (1) driving a motor vehicle while intoxicated; and (2) traveling outside of Harrris and Brazoria counties without permission.[1] On April 9, 2009, the trial court conducted a hearing on the motion and heard testimony regarding the various violations of the terms of appellant's community supervision. At this hearing, the trial court accused appellant of lying to the court at the previous punishment hearing conducted on August 15, 2008. At issue was whether or not appellant had pointed the firearm used in the robbery at anyone during the commission of that offense. The trial court stated that it had seen a photograph of appellant pointing the firearm in the face of the complainant.[2] In its determination of whether or not to revoke appellant's community supervision and sentence him for the aggravated robbery, the trial court stated the following:

> So the reality of it is, the fact that you're in a unique situation that I
> know when I put you on probation because of what you told me, you were

[1] Other violations included violating curfew, and failure to pay various fees, including court costs and electronic monitoring costs.

[2] The photograph at issue was not made a part of the record. Additionally, it is unclear from the record how or from whom the trial court judge obtained the photograph.

lying to me, how do I handle that as compared to all the other people that lie to me when I put them on probation as well?

....

So I made you an offer of 30 years; but in reality, your violation is something that had been -- had it not been for that fact that I got a photograph of you pointing a rifle at this Complaint [sic] to begin with, probably what I would do to you would be different.

....

So I'm passing one more time, but don't come back to see me again. I'm just telling you. I don't like you. You lied to me. But I can't let my personal feelings interfere with what I think is reasonable and fair in this case.

....

Well, I won't say I don't like you. I don't really like what you did, but I don't know you well enough to say I don't like you. I don't like what you did.

The court ultimately did not revoke appellant's community supervision and instead added sixty days' confinement to the terms of the community supervision.

On August 7, 2009 the State filed another motion to adjudicate the guilt of appellant. The motion alleged that appellant violated his community supervision by attempting to falsify the results of a urinalysis exam and by failing to attain suitable employment.[3] On November 6, 2009 the trial court conducted a hearing on the motion to adjudicate guilt. After listening to the testimony of the two State witnesses and the two defense witnesses, the court found that appellant had violated the terms of his community supervision and sentenced appellant to fifteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice for aggravated robbery.

---

[3] All of the violations in the previous motion to adjudicate guilt were included in this motion.

# ANALYSIS

In one issue, appellant contends that the trial court "abused its discretion" in adjudicating his guilt after the court manifested a bias or prejudice towards him.[4]

The Texas Rules of Civil Procedure set forth the grounds for which a judge may be disqualified or recused. *See* Tex. R. Civ. P. 18b. In accordance with Rule 18b, recusal is appropriate when a judge has a personal bias or prejudice concerning the subject matter or party. Tex. R. Civ. P. 18b(2). Additionally, the Rules of Civil Procedure set forth the required steps for a recusal proceeding. *See* Tex. R. Civ. P. 18a. Rule 18a requires a party to file a verified motion with the clerk of the court, stating with particularity the facts upon which the motion is founded. Tex. R. Civ. P. 18a. The procedure for recusal in Rule 18a applies in criminal cases. *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993). "If a party fails to follow the mandatory requirements of Rule 18a, he waives the right to complain of a judge's failure to recuse himself." *Johnson v. Sepulveda*, 178 S.W.3d 117, 118 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *see also Soderman v. State*, 915 S.W.2d 605, 608 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd, untimely filed) ("[E]ven if there had been a valid ground for recusal, having failed to file a timely motion, appellant waived this complaint.").

Appellant argues that the trial court judge should have recused himself because of his personal bias or prejudice toward appellant. However, appellant filed no motion for recusal. There is no indication appellant ever raised this issue before the trial court. Seven months passed between the hearing in which the trial court judge expressed his dislike of appellant and the hearing in which appellant was ultimately sentenced. In fact, the question of potential bias or prejudice was never raised until this appeal. Therefore,

---

[4] Appellant asserts the manifestation of bias as a violation of both the Texas Rules of Civil Procedure, Rule 18a and the Texas Code of Judicial Conduct, Canon 3. We note that a violation of the Texas Code of Judicial Conduct is not a ground for which relief may be granted by this Court. As such, that argument will not be addressed in this opinion. *See* Tex. Code Jud. Conduct, Canon 8(A), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. B (West 2005) ("This Code is designed to provide … a structure for regulating conduct through the State Commission on Judicial Conduct."); *see also* Tex. Const. art V, § 1–a.

any right to complain on appeal has been waived. *See* Tex. R. Civ. P. 18a; *Johnson*, 178 S.W.3d at 118; *Soderman*, 915 S.W.2d at 608.

## CONCLUSION

For the foregoing reasons, we overrule appellant's sole issue and affirm the judgment of the trial court.

/s/      Adele Hedges
Chief Justice

Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).