**Opinion issued June 15, 2023.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00490-CV

———————————

**FREDERICK WRIGHT, Appellant**

**V.**

**RAILROAD COMMISSION OF TEXAS, Appellee**

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-47739**

---

## MEMORANDUM OPINION

Appellant Frederick Wright contends the trial court erred in vacating its June 21, 2021 order reinstating the case following dismissal for want of prosecution. We affirm.

## Background

On August 14, 2013, Wright filed a whistleblower lawsuit against the Railroad Commission of Texas (the Commission). This appeal concerns the trial court's dismissal of Wright's lawsuit for want of prosecution, its later reinstatement of the case, and its order vacating that reinstatement.

The case was first dismissed for want of prosecution on January 18, 2018. Wright filed a "Motion for Reinstatement of Case" on February 16, 2018, asking the court to reinstate and abate the matter until a related federal court case was resolved. The trial court granted Wright's motion, as well as a second reinstatement motion filed on March 10, 2020, but dismissed the case again for want of prosecution on October 23, 2020. That same day, Wright filed a third motion for reinstatement. The trial court did not take any action on the third motion. He then filed a fourth motion for reinstatement on May 24, 2021. On June 21, 2021, the trial court granted Wright's motion and reinstated the case.

On May 19, 2022, the Commission filed a motion to vacate the June 21, 2021 order, arguing that the trial court lacked jurisdiction to reinstate the case because its plenary power had expired. The trial court entered an order vacating the reinstatement on June 7, 2022. Wright appeals.

**Discussion**

Wright's main contention on appeal is that the trial court had jurisdiction to reinstate the case when it entered its June 21, 2021 order. Wright also argues that the trial court erred by failing to hold a hearing on his third reinstatement motion. We consider Wright's jurisdictional arguments first. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *Waite v. Woodard, Hall & Primm, P.C.*, 137 S.W.3d 277, 279 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

**A.     Standard of Review**

"Subject matter jurisdiction is essential to a court's power to decide a case." *City of Hous. v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (internal quotations omitted). Subject-matter jurisdiction can be raised at any time. *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008). Because the question of jurisdiction is a legal question, we apply a de novo standard of review. *Hoff v. Nueces Cnty.*, 153 S.W.3d 45, 48 (Tex. 2004); *Alwazzan v. Alwazzan*, 596 S.W.3d 789, 802 (Tex. App.—Houston [1st Dist.] 2018, pet. denied).

**B.     Applicable Law**

Texas Rule of Civil Procedure 165a governs reinstatements following dismissal for want of prosecution. The rule states, in pertinent part:

> **3. Reinstatement**. A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period

3

provided by Rule 306a[1]. A copy of the motion to reinstate shall be served on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file. The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable. The court shall notify all parties or their attorneys of record of the date, time and place of the hearing.

. . .

In the event for any reason a motion for reinstatement is not decided by signed written order within seventy-five days after the judgment is signed . . . the motion shall be deemed overruled by operation of law. If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

TEX. R. CIV. P. 165a(3).

## C.    The October 23, 2020 Motion to Reinstate

Wright filed his third motion for reinstatement on October 23, 2020—the same day the trial court dismissed the case. Thus, Wright's motion was timely. *See id.* (requiring reinstatement motions to be filed "within 30 days after the order of dismissal is signed"). However, Wright's motion was not verified in accordance

---

[1]    Rule 306a, entitled "Periods to Run from Signing of Judgment," addresses situations where, among other things, parties do not receive notice of judgment or when judgments nunc pro tunc are signed. The rule does not apply to the circumstances here.

with Rule 165a(3).[2] *See id.* (requiring reinstatement motions to be "verified by the movant or his attorney"). In the absence of a timely filed, *verified* motion to reinstate, a trial court's plenary power expires thirty days after dismissal of the case.[3] *See McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (orig. proceeding); *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986); *Dardari v. Tex. Com. Bank Nat'l Ass'n*, 961 S.W.2d 466, 469 (Tex. App.—Houston [1st Dist.] 1997, no pet.). "An unverified motion to reinstate does not

---

[2]    On appeal, the parties disagree as to whether the motion was verified. Wright attached his notarized affidavit, titled "Verified/Sworn Statement of Appeal," to his motion. The only substantive portion of the affidavit states as follows: "Mr. Wright filed his Brief with the U.S. Fifth Circuit Court of Appeals, Appealing the ARB's Final Order on US DOL ALJ Case No. 2015-SDW-001, on January 13, 2020."

The affidavit makes no mention of the motion to reinstate; in fact, the affidavit is dated March 9, 2020, and thus predates the motion by several months. Moreover, the affidavit fails to describe what transpired in the federal court case from March to October 2020. The basis of Wright's motion to reinstate was that the federal court case was still pending, but the affidavit does not include any facts supporting this contention. Therefore, the affidavit is not a proper substitute for Rule 165a's verification requirements. *See Young v. Di Ferrante*, 553 S.W.3d 125, 128–130 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (noting that although courts "recognize substitutes [to Rule 165a's verification requirement] when they serve as the functional equivalent of a verification," not all verification attempts suffice); *Johnson v. Sepulveda*, 178 S.W.3d 117, 119 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (concluding that motion to reinstate was unverified where attached affidavit "addresse[d] only appellant's indigence and [did] not reference the attached motion to reinstate"; further, affidavit was "virtually identical" to one attached to recusal motion).

[3]    Because the trial court's plenary power expired 30 days after the October 23, 2020 dismissal order, Wright's fourth reinstatement motion, filed on May 24, 2021, was a nullity.

extend the trial court's plenary jurisdiction." *Owen v. Hodge*, 874 S.W.2d 301, 303 (Tex. App.—Houston [1st Dist.] 1994, no writ).

Consequently, because Wright filed an unverified motion to reinstate, the trial court's plenary power in this matter expired on November 22, 2020—thirty days after the order of dismissal.[4] Since the trial court lost jurisdiction long before issuing the restatement order on June 21, 2021, that order was void. *See Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex. 1980) (orig. proceeding) ("[T]he time limits provided in rule 165a are mandatory and jurisdictional and . . . orders of reinstatement entered after their expiration are void"); *In re Valliance Bank*, 422 S.W.3d 722, 729 (Tex. App.—Fort Worth 2012, orig. proceeding) ("Because the trial court signed the order of reinstatement after its plenary power had expired, we hold that the order of reinstatement is void and of no legal effect."); *In re Boglia, L.L.C.*, No. 01-11-00891-CV, 2011 WL 13385443, at *1 (Tex. App.—Houston [1st Dist.] Dec. 22, 2011, orig. proceeding) (mem. op.) ("A reinstatement order rendered after the expiration of the trial court's plenary power is void."). The trial court thus correctly vacated the void order. *See Alfonso*, 251 S.W.3d at 55 (holding

---

4    Even if Wright's motion was properly verified, the trial court would have lost jurisdiction on February 5, 2021, over three months before its June 21, 2021 order. Rule 165a provides that a reinstatement motion is deemed overruled by operation of law if not decided within 75 days, and thereafter, a court retains plenary power to reinstate the case "until 30 days after all such timely motions are overruled, either by a written and signed order or by operation of law, whichever occurs first." TEX. R. CIV. P. 165a(3); *see also Emerald Oaks Hotel/Conf. Ctr., Inc. v. Zardenetta*, 776 S.W.2d 577, 578 (Tex. 1989) (orig. proceeding) (per curiam) (discussing same).

that "[s]ubject-matter jurisdiction cannot be waived, and can be raised at any time"); *see also Metro. Transit Auth. v. Jackson*, 212 S.W.3d 797, 801–803 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (holding that where trial court's original order was void for lack of subject matter jurisdiction, it retained plenary power to sign later judgment; trial court "has no discretion to refuse to set aside a void judgment, but has the duty to do so at any time that such matter is brought to its attention").

## D.    The Supreme Court's Emergency Orders

Wright contends that the trial court's power to rule on the motion to reinstate was extended by the Texas Supreme Court's emergency orders regarding the Covid-19 state of disaster, because these orders allow courts to modify or suspend deadlines. However, numerous courts, including this one, have rejected such an argument. As we recently explained in *In re Romero*, No. 01-21-00629-CV, 2022 WL 23939 (Tex. App.—Houston [1st Dist.] Jan. 4, 2022, orig. proceeding) (mem. op.), the language in the Supreme Court's emergency orders

> giving a court the power to modify or suspend "deadlines and procedures" presupposes a pre-existing power or authority over the case or the proceedings. A court may extend a deadline or alter a procedure that would otherwise be part of the court proceedings. It does not suggest that a court can create jurisdiction for itself where the jurisdiction would otherwise be absent or that a judge could create authority to preside over proceedings over which the judge would otherwise be barred from presiding.

7

2022 WL 23939, at *2 n.4 (quoting *In re State ex rel. Ogg*, 618 S.W.3d 361, 364 (Tex. Crim. App. 2021) (orig. proceeding)); *see also Quariab v. El Khalili*, No. 05-20-00979-CV, 2021 WL 960646, at *1–2 (Tex. App.—Dallas Mar. 15, 2021, no pet.) (mem. op.) (holding that because trial court had lost jurisdiction over case, it could not avail itself of supreme court's emergency orders to reinstate case and noting that "the language in the emergency orders . . . 'does not suggest that a court can create jurisdiction for itself where the jurisdiction would otherwise be absent[.]'") (quoting *In re State ex rel. Ogg*, 618 S.W.3d at 364). Here, because the trial court had already lost jurisdiction at the time of the June 21, 2021 order, it could not use the emergency orders to create jurisdiction where it no longer existed. *See In re State ex rel. Ogg*, 618 S.W.3d at 364. We therefore overrule Wright's jurisdictional arguments.

**E.     Failure to Hold Hearing on Wright's Motion**

Wright also complains that the trial court should have held a hearing on his October 23, 2020 motion to reinstate. Where a motion to reinstate is timely filed and properly verified following a dismissal of a suit for want of prosecution, an oral hearing is required under Texas Rule of Civil Procedure 165a. *Thordson v. City of Hous.*, 815 S.W.2d 550, 550 (Tex. 1991) (per curiam); *Johnson*, 178 S.W.3d at 119. Here, however, Wright did not properly verify his motion. Thus, Wright did not invoke Rule 165a and its hearing requirements. *See Johnson*, 178

8

S.W.3d at 119 (holding that where movant's motion for reinstatement was not properly verified, trial court did not err in failing to hold hearing on motion).

Further, the record does not reflect that Wright ever requested a hearing on his motion. Instead, his motion states that "[t]he Submission of this Motion has been set for Monday November 9, 2020 at 9:00 AM at 201 Caroline St, Houston, Tx 77002, in the Courtroom of this Court." There is no indication in the record that Wright raised the issue of a hearing with the trial court before the time for ruling on the motion expired.

We have noted that "the movant in a motion to reinstate has the burden of procuring a setting within the time allowed for reinstatement."[5] *Nasa I Bus. Ctr. v. Amer. Nat'l Ins. Co.*, 747 S.W.2d 36, 38 (Tex. App.—Houston [1st Dist.] 1988, writ denied) (citing *Calaway v. Gardner*, 525 S.W.2d 262, 264 (Tex. App.—Houston [14th Dist.] 1975, no writ) ("If such a request [for a hearing] had been made and called to the judge's attention, and if the judge had failed to set the case within the time limit, such failure would have been erroneous and reviewable.")). We have also stated, in the context of a movant's failure to request a hearing on his

---

[5] One unpublished decision from this Court holds that a movant is not required to request a hearing on a motion to reinstate. *See Johnson v. Patrick*, No. 01-90-00922-CV, 1992 WL 23627, at *2 (Tex. App.—Houston [1st Dist.] Feb. 13, 1992, no pet.) (not designated for publication). However, the *Johnson* opinion is silent as to whether the motion at issue was verified. In fact, the motion in *Johnson* was not styled as a motion for reinstatement. *Id.* at *1. Rather, the court construed the pro se appellant's "Motion For A Rehearing On The Trial Setting Or Motion For New Trial" as such. *Id.* We therefore find *Johnson* distinguishable from the present case.

9

motion to reinstate, that "[a] party may not lead a trial court into error and then complain about it on appeal." *Kelly v. Cunningham*, 848 S.W.2d 370, 371 (Tex. App.—Houston [1st Dist.] 1993, no writ); *see also Johnson*, 178 S.W.3d at 119 (holding trial court did not err in failing to conduct hearing on unverified motion to reinstate where movant did not request hearing); *Rainbow Home Health, Inc. v. Schmidt*, 76 S.W.3d 53, 57 (Tex. App.—San Antonio 2002, pet. denied) (same); *Cabrera v. Cedarapids Inc.*, 834 S.W.2d 615, 618 (Tex. App.—Houston [14th Dist.] 1992, writ dism'd) (same).

Here, because there is nothing in the record to suggest that Wright timely complained to the trial court about not getting a hearing, and because his motion was not verified in accordance with Rule 165a, we do not find error in the trial court's decision not to conduct a hearing on Wright's motion. We overrule Wright's issues.

## Conclusion

We affirm the order of the trial court.


Amparo Guerra
Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

10